### In re WIESSNER.

#### (District Court, E. D. New York. April 3, 1902.)

BANKRUPTCY—PREFERENCES—DISCOUNT OF DEBTOR'S NOTE.

> Where a note given upon an account has been discounted before maturity in the usual course of business, even with the indorsement of the payee, and the proceeds thereof have been applied to the debtor's account, it should be regarded as a payment of money by the debtor as of that date, provided it does not appear that the note thereafter came back to the payee for failure of the maker to meet the same; and the amount so received through the discount of the note constitutes a preferential payment, which the creditor is required to surrender before he can prove against the estate of the debtor in bankruptcy other items of indebtedness created prior to the discount, but does not affect his right to prove those created thereafter though before the note was paid to the transferee.

In Bankruptcy. In the matter of the claim of the Ansonia Manufacturing Company.

Louis Levy, for bankrupt.

Kenneson, Crain, Emley & Rubino, for trustee.

Frederick W. Holden, for Ansonia Mfg. Co.

THOMAS, District Judge. In the claim of the Ansonia Manufacturing Company it appears that on October 19, 1899, the bankrupt was indebted to the claimant for merchandise sold; that on November 20, 1899, he gave a note therefor for the sum of $174.75, which was transferred in the usual course of business to the Ansonia National Bank, on December 1, 1899, and was paid at maturity, March 20, 1900. At the time of such transfer of the note to the bank, the bankrupt was indebted to the company, for merchandise sold and delivered, as follows: November 3, $63.70; November 18, $63.70; November 27, $67.20,—$194.60. The delivery of the note to the company was not a payment; but when it was discounted and transferred to the bank, the company parted with all title therein, and stood in relation of surety to the note, and while the bank held the note the company had, and could have, no claim for the amount represented thereby against the bankrupt. Nevertheless, until the note was transferred to the bank, to wit, on December 1st, it was part of an indebtedness owing by the bankrupt, and when claimant received the money from the bank it was equivalent to a payment liable to be defeated by the

bankrupt's failure to meet the note at maturity; and as there was at the time of transfer an indebtedness only for the items above mentioned, such payment received through the bank would not be regarded as a preference, except as to them. Therefore, if nothing else appeared, it would be necessary to return the amount of the note before the above items, aggregating $194.60, could be proved. But on January 22, 1900, the bankrupt gave to the company a note for $343.40, payable four months after date, to meet the sum of $194.60, made up as above, and the sum of $149.80, amount of merchandise sold on December 2, 1899; the total amount being $344.40. The trifling difference between the note and the amount of the bill arose from some adjustment of the account. This note was paid at maturity, to wit, May 22d. The note was discounted to the Ansonia Bank on the 22d of January, 1900; and this discount liquidated, in case the note were finally paid, the sum of $344.40, and must be regarded as a payment of that sum as of January 22d. So that we have any preference created by the payment of the first note obliterated by the fact that all indebtedness previous to the second note was paid by its discount, except the sum of $46.80, incurred on January 18th. Hence the sum of $46.80 cannot be proven without the return of the amount of the second note. Between the sales of January 18th, inclusive, to February 22d, inclusive, the bankrupt purchased goods aggregating $348.75, for which he gave his note for $348.04 on March 19th. At the time the note was given there had been a further sale, to wit, on March 6th, of $54.60, and March 14th of $69.33. Another note was given on April 26th, $279.71, at which time there was not only the first note and the merchandise represented by it unpaid, but other goods had been bought, and thereafter goods were bought until to and including May 18th. These notes were never discounted or paid, and do not enter into the present contention.

It is intended to hold here that, where a note given upon an account has been discounted, even with the indorsement of the payee, and the proceeds thereof have been applied to the debtor's account, it should be regarded as a payment of money by the bankrupt as of that date, provided it does not appear that the note thereafter came back to the payee for failure of the bankrupt to meet the same. What the rule would then be it is not necessary to decide at present. But when a negotiable note is sold to a bona fide holder in due course of business and before maturity, it ceases to be an indebtedness to the original creditor, and if paid by the bankrupt to a transferee cannot become or represent again any transactions between the original parties.

It is concluded that the item of $46.80, of January 18, 1900, cannot be proved without the return of the amount of the second note, and that all items thereafter, beginning February 3d, may be proved without the return of any sum.